IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   Plaintiff,   v.   AZIZ SADIQ,   Defendant. | Case No. 21-cr-40012-JPG |

**MEMORANDUM, ORDER,
AND COURT MOTION FOR A SENTENCE REDUCTION**

The Court is making this motion for a reduction of defendant Aziz Sadiq's sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive.  In the Court's estimation, based on prior briefing that has since been withdrawn (Docs. 43 & 45), the Court believes the defendant is eligible for a reduction and should be given one.  In fact, the Government has conceded that a reduction to the statutory mandatory minimum sentence would be appropriate and would moot the defendant's pending motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, *Sadiq v. United States*, 22-cv-2906-JPG, which challenges only sentencing issues, not Sadiq's conviction itself.

In June 2021, the petitioner entered an open plea of guilty to one count of attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A).  His statutory sentencing range was enhanced pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 because he had a prior federal criminal conviction for multiple crack cocaine offenses.  *See United States v. Sadiq*, 95-cr-40030-JPG.  Therefore, his offense of conviction in this case had a statutory mandatory minimum sentence of 15 years (180 months) in

prison.

At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 53,595 kilograms of converted drug weight, *see* 1st Rev. PSR ¶ 15 (Doc. 31), which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 36. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 33.

The defendant had accumulated 8 criminal history points. Of those 8 points, 3 came from a 1994 Illinois conviction for possession of cannabis, 1st Rev. PSR ¶ 35 (Doc. 31), and 2 were assessed because Sadiq was under a criminal sentence at the time he committed his offense ("status points"). 1st Rev. PSR ¶¶ 40-42. This put him in criminal history category IV, where his guideline sentencing range was 188 to 235 months in prison. The Court sentenced him to serve 208 months in prison to run consecutive to the 16-month sentence for revocation of his supervised release in his prior federal crack cocaine case.

The Court believes recent changes to the Sentencing Guidelines could potentially lower the defendant's sentence. Subpart 1, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants like Sadiq who received status points and had fewer than 7 criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to zero.[2] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(2) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing

---

[1] Unless otherwise noted, all references to the Sentencing Guidelines are to the 2018 version.
[2] Subpart 1, Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Subpart 1, Part A of Amendment 821 would lower the defendant's criminal history points by 2 points to 6 points, where he would fall into criminal history category III. There, his guideline sentencing range would ordinarily be 168 to 210 months, *see* Sentencing Table, U.S.S.G. Ch. 5 Pt. A, but in light of the statutory mandatory minimum sentence, the defendant's range would effectively be 180 to 210 months, *see* U.S.S.G. § 5G1.1(c)(2). This is lower than the range of 188 to 235 months used at sentencing. Furthermore, a reduction in the defendant's sentence would be consistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2023), so the defendant is eligible for a reduction.

In response to a prior stricken motion for a reduced sentence, the Government proposed a reduction to the statutory mandatory minimum of 180 months (Doc. 145). It believes such a reduction would moot the defendant's § 2255 motion, which challenges 3 criminal history points assessed for a prior state marihuana conviction that was expunged after Illinois legalized the use of marihuana. It appears that the Government is correct that a reduction to 180 months would

effectively achieve everything Sadiq could possibly obtain in his § 2255 proceeding. Specifically, if the Court subtracted 3 more points from his criminal history as a result of his § 2255 motion, he would have 3 criminal history points and would fall into criminal history category II.   Considering his total offense level of 33, his sentencing range would ordinarily be 151 to 188 months.   But again, because Sadiq has a statutory mandatory minimum sentence of 180 months, his effective range would be 180 to 188 months.   The Court could go no lower than 180 months, the reduction the Government proposed in this proceeding.

The Court is not absolutely averse to reducing Sadiq's sentence to 180 months, although it is curious how the Government's proposal squares with the factors in 18 U.S.C. § 3553(a), which the Court must consider in granting a reduction.   The Court is further puzzled why Sadiq is so averse to such a reduction that he withdrew his own motion for a reduction filed on his behalf by his previous counsel.   As the Court has noted before, it cannot make Sadiq file a motion for a sentence reduction, but it may make its own motion where a defendant is clearly eligible for a reduction.   Accordingly, the Court so moves and **ORDERS** that the defendant and the Government shall have 30 days from entry of this order to respond to the Court's motion. The Court further **ADVISES** the parties that it will not take any further action on the defendant's § 2255 motion without giving the parties an opportunity to respond to the proposed action.

**IT IS SO ORDERED.**
**DATED:   June 18, 2024**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **U.S. DISTRICT JUDGE**