IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

      v.

AZIZ SADIQ,

   Defendant.

Case No. 21-cr-40012-JPG

## MEMORANDUM AND ORDER

      This matter comes before the Court on consideration of its own motion for a reduction of defendant Aziz Sadiq's criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 51). The Government (Doc. 52) and Sadiq (Doc. 53) have responded to the motion.

      In June 2021, the defendant entered an open plea of guilty to one count of attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(A). His statutory sentencing range was enhanced pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 because he had a prior federal criminal conviction for various crack cocaine offenses. *See United States v. Sadiq*, 95-cr-40030-JPG-1. Therefore, his offense of conviction in this case had a statutory mandatory minimum sentence of 15 years (180 months) in prison. 21 U.S.C. § 841(b)(1)(A).

      At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 53,595 kilograms of converted drug weight, *see* 1st Rev. PSR ¶ 15 (Doc. 31), which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 36. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his

---

[1] Unless otherwise noted, all references to the Sentencing Guidelines are to the 2018 version.

crime.  This established a total offense level of 33.

The defendant had accumulated 8 criminal history points when he was sentenced in this case.  Of those 8 points, 3 came from a 1994 Illinois conviction for possession of cannabis, 1st Rev. PSR ¶ 35 (Doc. 31), and 2 were assessed because Sadiq was under a criminal sentence at the time he committed his offense ("status points"), 1st Rev. PSR ¶¶ 40-42.  This put him in criminal history category IV, where his guideline sentencing range was 188 to 235 months in prison.  The Court sentenced him to serve 208 months in prison to run consecutive to the 16-month sentence for revocation of his supervised release in his prior federal crack cocaine case, 95-cr-40030-JPG-1.

The Court now considers whether to apply recent changes to the Sentencing Guidelines to lower Sadiq's sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants like Sadiq who received status points and had fewer than 7 criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to zero.[2]  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant facing a sentence

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points.  This does not apply to the defendant because he was assessed criminal history points.

2

reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Part A of Amendment 821 would reduce his status points from 2 to 0, his criminal history total from 8 to 6 points, and his criminal history category from IV to III. With his offense level remaining at 33, his guideline sentencing range would be 168 to 210 months in prison, lower than the range of 188 to 235 months used for his current sentence.

The Court further finds that a reduction in the defendant's sentence would be consistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2023).

The Government proposes that the Court reduce the defendant's sentence to the statutory minimum sentence of 180 months. It reasons that a reduction to the statutory minimum would not only give Sadiq generous relief in this case but would also moot his pending motion under 28 U.S.C. § 2255 because Sadiq would already have the lowest sentence possible. It would also take into account the nature and circumstances of Sadiq's current offense, including the large amount of drugs involved and the need to further protect the public from his future crimes.

The defendant asks the Court not to award him relief under 18 U.S.C. § 3582(c)(2) and Amendment 821 because he would prefer relief under 28 U.S.C. § 2255 in *Sadiq v. United States*, No. 22-cv-2906-JPG. Relief in that case could not lower his statutory minimum sentence of 15 years because Sadiq does not challenge his conviction or the § 851 information used to

3

enhance his sentence under 21 U.S.C. § 841(b)(1)(A). But even though his sentence could not be any lower that it is applying Amendment 821 and the Government's recommended reduction, Sadiq expects relief in his § 2255 proceeding would entail a complete resentencing and preparation of a further revised PSR.

He expects that a revised PSR would contain changed findings that would benefit him in the conditions of his prison life. For example, he believes it would no longer reflect his prior cannabis conviction, which contributed 3 criminal history points and which has since been vacated or expunged. Without those points, he would be in criminal history category II and would not have the cannabis conviction in his PSR. Although he would still be subject to the statutory minimum sentence of 180 months, those changes could affect his security level, his First Step Act recidivism score, his ability to earn good time credits, and his institutional assignments, which would have a real impact on his daily prison conditions.

He also speculates that at a full resentencing, the Government would implement Department of Justice policies that are more lenient than those existing at the time of his sentence. He speculates that under those new policies, the Government could substitute charges without specific drug amounts so his statutory minimum sentence would be eliminated, *see* 42 U.S.C. § 841(b)(1)(C), or could withdraw the § 851 enhancement to reduce the statutory minimum sentence to 10 years. Without a statutory minimum or with a lower statutory minimum sentence, Sadiq would have the opportunity to argue that his post-sentencing conduct and intervening legal decisions and factual changes should result in a lower sentence.

The Court believes Sadiq is too hopeful about the changes his § 2255 motion could bring as explained in more detail in the order disposing his § 2255 motion. The relief expressly

4

allowed under 28 U.S.C. § 2255 is "to vacate, set aside or correct the sentence." These options are flexible to fit the circumstances and include, but are not limited to, granting an immediate and unconditional discharge or vacating a sentence so the defendant can be resentenced and provided the right that was absent the first time. *Andrews v. United States*, 373 U.S. 334, 339 (1963). In all cases, the remedy should be tailored to correcting the injury suffered by "neutraliz[ing] the taint" of a constitutional violation without granting a windfall to the defendant or needlessly squandering the Government's and Court's resources. *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (citing *United States v. Morrison,* 449 U.S. 361, 365 (1981)). Such tailored remedies are precisely authorized by § 2255's latitude to "correct" the sentence. *Andrews*, 373 U.S. at 339.

If Sadiq completely prevailed on his § 2255 motion, he would be entitled to the vacating of his sentence and a resentencing in which the error of the first sentencing is corrected, that is, considering a lower criminal history category. Of course, any resentencing would take into consideration Sadiq's post-sentencing rehabilitation, but the Court would not rehear evidence to reopen all findings used to impose his original sentence in November 2021. Further, the Court finds too remote the likelihood that the Government would reduce the charges or withdraw the § 851 to reduce or eliminate a statutory minimum sentence. The Court firmly believes that the most expeditious way to achieve the reduced sentence to which Sadiq is eligible is by granting the Court's motion to reduce his sentence after Amendment 821.

The Court agrees with the Government that a reduction to 180 months, the statutory minimum sentence, is appropriate. The sentence would be near the high end of the guideline range—168 to 210 months—and would still reflect the seriousness of Sadiq's offense

considering the large amount of methamphetamine ice and other drugs involved.   The defendant's criminal history, including the revocation of his prior federal supervised release, would be adequately accounted for by the recidivism enhancement setting the statutory floor well above the low end of the new guideline range and running the current sentence consecutive to his revocation sentence.   None of Sadiq's arguments justify failing to give Sadiq the sentence reduction on which the Government and the Court agree.

For the foregoing reasons, the Court, on its own motion, reduces the defendant's sentence from 208 to 180 months, the statutory minimum sentence, to run consecutive to the 16-month revocation sentence in *United States v. Sadiq*, 95-cr-40030-JPG-1.   The Court attaches its standard order reflecting the sentence reduction.

**IT IS SO ORDERED.**
**DATED:   September 5, 2024**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**